FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAY 6 PM 3 00

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TY RAYMOND THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>PROTECTIVE INSURANCE CO. and<br>BALDWIN & LYONS, INC.,<br><br>Defendants. | Case No. 12-CV-148-F |

## ORDER ON PRETRIAL MOTIONS

This matter is before the Court on various pretrial motions filed by both parties. The Court having reviewed the materials on file herein both in support and in opposition, having heard oral argument, and being fully advised in the premises, FINDS and ORDERS as follows:

### Plaintiff's Motions

*1.) Plaintiff moves to exclude evidence of Plaintiff's failure to submit claim forms.* (Docket No. 57)

**IT IS ORDERED** that this motion is **DENIED**. The Court will not preclude Defendants from presenting this evidence as Plaintiff's actions may have prejudiced Defendants and adversely influenced their ability to settle Plaintiff's claims.

*2.) Plaintiff moves to exclude the testimony of Richard Miller.* (Docket No. 58)

**IT IS ORDERED** that this motion is **DENIED**. The Court concludes that this motion goes to weight, not admissibility. Further, the Court is not inclined to entertain eleventh hour *Daubert* motions. The Court will consider renewed objections at trial and will also consider requests from Plaintiff to conduct voir dire of this expert.

*3.) Plaintiff moves to exclude evidence of Plaintiff's health insurance.* (Docket No. 59)

**IT IS ORDERED** that this motion is **GRANTED** to the extent that Plaintiff does not open the door to this topical area.

*4.) Plaintiff moves to exclude evidence accusing him of insurance fraud.* (Docket No. 60)

**IT IS ORDERED** that this motion is **DENIED**. The Court concludes that this evidence is relevant and otherwise admissible. The Court will consider renewed objections at trial.

*5.) Plaintiff moves to strike untimely produced evidence under Fed.R.Civ.P. 37.* (Docket No. 61)

**IT IS ORDERED** that this motion is **GRANTED IN PART** and **DENIED IN PART**. The Court will not allow late-produced photographs into evidence that were not taken by the Cody Police Department. The Court will not allow the late-produced "loss report," emails, or recorded conversations into direct evidence. However, the Court will permit the presentation of this evidence for proper impeachment purposes.

**Defendants' Motions**

*1.) Defendants move to exclude evidence/argument relating to various subject areas.* (Docket No. 52)

**IT IS ORDERED** that this motion is **GRANTED IN PART** and **DENIED IN PART**.

*i. Liability insurance.* IT IS ORDERED that this motion is GRANTED as evidence of liability insurance coverage is irrelevant and inadmissable under F.R.E. 411.

*ii. Settlement negotiations.* IT IS ORDERED that this motion is GRANTED as evidence of settlement negotiations is generally inadmissible under F.R.E. 408.

*iii. Prior claims or lawsuits.* IT IS ORDERED that this motion is GRANTED. The Court will consider any offers of proof from Plaintiff at trial and will revisit balancing under F.R.E. 403 at that time.

*iv. Amount of reserves set by Protective.* IT IS ORDERED that this motion is GRANTED. The Court agrees with Magistrate Judge Rankin's earlier conclusion that this information is irrelevant.

*v. Advertising, mottos, and slogans of Defendants or their agents.* IT IS ORDERED that this motion is DENIED. At this time, the Court does not conclude that evidence of Defendants' advertising and published materials is irrelevant or otherwise inadmissible under F.R.E. 403. The Court will consider renewed objections at trial.

*vi. The Court's earlier rulings.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary regarding the Court's earlier rulings in this case is irrelevant.

*vii. Wealth comparisons.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary regarding the relative wealth of the parties is irrelevant and improper.

*iix. The limited rights of corporations.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary suggesting that this lawsuit is not between persons of equal standing is improper.

*ix. Sending a message with a verdict.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary suggesting that the jurors send a message with their verdict is improper.

*x. The jurors placing themselves in Plaintiff's shoes.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary suggesting that the jurors place themselves in Plaintiff's position when reaching a verdict is improper.

*xi. The amount or method or compensation of Defendants' claim representatives or agents.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary regarding the amount or method of compensation of Defendants' employees is irrelevant.

*xii. Defense counsel's expertise.* IT IS ORDERED that this motion is GRANTED. Evidence or commentary regarding the expertise and experience of Defense counsel is irrelevant and improper.

*2.) Defendants move to exclude the expert testimony of Laurence Stinson.* (Docket No. 53)

**IT IS ORDERED** that this motion is **GRANTED** to the extent that Defendants seek to preclude Mr. Stinson from offering improper opinion testimony beyond that contemplated by F.R.E. 701. **IT IS FURTHER ORDERED** that Mr. Stinson will not be permitted to testify unless he withdraws from this case as attorney of record.

*3.) Defendants move to strike the testimony of James K. Lubing.* (Docket No. 54)

**IT IS ORDERED** that this motion is **GRANTED** to the extent that Defendants seek to preclude Mr. Lubing from testifying during the liability phase of trial. Mr. Lubing may be permitted to testify as to reasonable attorney fees if such statutory fees are found proper and are awarded by the Court.

*4.) Defendants move to exclude the testimony of Jerome Sherman.* (Docket No. 55)

**IT IS ORDERED** that this motion is **DENIED**. The Court concludes that this motion goes to weight, not admissibility. Further, the Court is not inclined to entertain eleventh hour *Daubert* motions. The Court will consider renewed objections at trial and will also consider requests from Defendants to conduct voir dire of this expert.

*5.) Defendants move to exclude Mr. Stinson from the courtroom during trial for any purpose other than to present testimony as a fact witness.* (Docket No. 56)

**IT IS ORDERED** that this motion is **GRANTED** as it is the Court's general practice to sequester witnesses. Mr. Stinson is a fact witness in this case, not an advocate.

Dated this 6 day of May, 2013.

　　　　　　　　　　　　／s／ Nancy Freudenthal
　　　　　　　　　　　　NANCY D. FREUDENTHAL
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE